# In the United States Court of Federal Claims

No. 19-334C
Filed: September 27, 2019
NOT FOR PUBLICATION

|  |  |
|---|---|
| LOUIS A. BANKS & DB, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | *Pro se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; 12(b)(6); Failure To State A Claim; Money-Mandating Source Of Law; Breach Of Contract; Default Judgment. |

*Louis A. Banks, et al.*, Washington, DC, plaintiffs *pro se*.

*Tanya B. Koenig*, Trial Attorney, *L. Reginald T. Blades*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.      INTRODUCTION

Plaintiffs *pro se*, Louis E. Banks and his minor child, DB, bring this action challenging the United States Department of Justice's failure to appear in a civil proceeding before the Superior Court of the District of Columbia pursuant to the Tucker Act, 28 U.S.C. § 1491. *See generally* Compl. As relief, plaintiffs seek to recover $230 million in monetary damages from the United States. *Id.* at 3.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiffs have also filed motions to proceed in this matter *in forma pauperis*, for entry of default judgment and for summary judgment. *See generally* Pl. Mot. for Default. For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2)

**GRANTS** plaintiffs' motion to proceed *in forma pauperis*; (3) **DENIES-AS-MOOT** plaintiffs' motions for default judgment and for summary judgment; and (4) **DISMISSES** the complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiffs' complaint is difficult to follow. But, it appears that plaintiffs allege that the United States Department of Justice improperly failed to appear at a civil proceeding before the Superior Court of the District of Columbia. Compl. at 2. In this regard, plaintiffs attach as an exhibit to their complaint a final notice of a summons issued to the Department of Justice on January 30, 2017, related to *Louis Banks v. District of Columbia, et al.*, No. 2017CA006401 (D.C. Super. Ct. 2017). Pl. Ex. at 4. As relief, plaintiffs seek to recover $230 million in monetary damages from the United States. Compl. at 3.

### B.     Procedural History

Plaintiffs commenced this action and filed a motion to proceed *in forma pauperis* on February 28, 2019. *See generally* Compl.; Pl. Mot. On April 29, 2019, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.

On May 24, 2019, plaintiffs filed a response and opposition to the government's motion to dismiss and motions for a default judgment and for summary judgment. *See generally* Pl. Resp. On June 12, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Rep.

On June 20, 2019, plaintiffs filed a second motion for default judgment. *See generally* Pl. Mot. for Default. On July 2, 2019, the government filed a response and opposition to plaintiffs' motions for default judgment. *See generally* Def. Mot.

These matters having been fully briefed, the Court resolves the pending motions.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot."); and plaintiffs' response thereto ("Pl. Resp."). Unless otherwise noted herein, the facts recited are undisputed.

## III.   LEGAL STANDARDS

### A.   *Pro Se* Litigants

Plaintiffs are proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.   RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiffs bear the burden of establishing subject-matter jurisdiction, and they must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748

(Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### C.   RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64, 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### D.    Contracts With The United States And RCFC 9(k)

Lastly, this Court possesses subject-matter jurisdiction to consider breach of contract claims against the United States based upon an express or implied-in-fact contract. 28 U.S.C. § 1491(a)(1). *See Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009). But, plaintiffs bear the burden of proving the existence of a contract with the United States and they must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1377 (Fed. Cir. 2003).

To pursue a breach of contract claim against the United States, plaintiffs must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citations omitted) ("[T]he 'government consents to be sued only by those with whom it has privity of contract.'"); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997) (ruling that plaintiff had failed to state a meritorious claim because it had not identified any particular government representative who entered into the alleged contract). Plaintiffs must also support their contract claim with well-pleaded allegations going to each element of a contract; *see Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl.

760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract . . . ."). Specifically, plaintiffs must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp.*, 104 F.3d at 1325. In this regard, a government official's authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89 (1997), *dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents." *Id.* at 187.

In addition, RCFC 9(k) requires that a party identify the substantive provisions of the contract on which the party relies when pleading a claim founded on a contract with the United States. RCFC 9(k). This rule ensures that the Court knows the relevant provisions of a contract to render a decision on a breach of contract claim. *Gonzalez-McCaulley Inv. Grp., Inc.*, 93 Fed. Cl. at 715.

## IV.    LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and (b)(6), upon the grounds that plaintiffs' claims are not based upon an express or implied-in-fact contract with the government, or a money-mandating provision of law. *See generally* Def. Mot. In their response and opposition to the government's motion to dismiss, plaintiffs argue that the Court possesses subject-matter jurisdiction to consider their claims, because the Court may consider monetary claims that arise under the United States Constitution. Pl. Resp. at 1. Plaintiffs have also moved to proceed in this matter *in forma pauperis* and for default judgment and for summary judgment pursuant to RCFC 55 and 56. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*; *see generally* Pl. Resp.

For the reasons discussed below, a plain reading of the complaint makes clear that plaintiffs have not shown that any of their claims fall within the Court's limited jurisdiction under the Tucker Act. Plaintiffs have, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiffs' motion to proceed *in forma pauperis*;

(3) **DENIES-AS-MOOT** plaintiffs' motions for default judgment and for summary judgment; and (4) **DISMISSES** the complaint.

### A.    The Court Does Not Possess Subject-Matter Jurisdiction To Consider Plaintiffs' Claims

The government persuasively argues that the Court must dismiss this matter for lack of subject-matter jurisdiction for two reasons.

### 1.    The Court May Not Consider Plaintiffs' Statutory Claims

As an initial matter, plaintiffs have not identified a money-mandating source of law to support their claims against the government. *See generally* Pl. Mot. To pursue a substantive right against the United States under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). The Federal Circuit has held that "a statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

In the complaint, plaintiffs appear to challenge the United States Department of Justice's failure to appear in a civil proceeding before the Superior Court of the District of Columbia. Compl. at 2. To support this claim, plaintiffs refer to two federal statutes—20 U.S.C. § 7101 (addressing education as a part of the Safe and Drug-Free Schools and Communities Act) and 28 U.S.C. § 2508 (addressing government counterclaims brought in the United States Court of Federal Claims). Compl. at 1; Pl. Ex. at 1. But, neither of these statutes are money-mandating, nor do they appear to be related to plaintiffs' claims. *Id.* Because plaintiffs fail to identify a money-mandating source of law to support their claims, the Court must dismiss these statutory claims for lack of subject-matter jurisdiction. *Cabral*, 317 F. App'x at 981 (citing *Fisher*, 402 F.3d at 1172); RCFC 12(b)(1).

The Court must also dismiss plaintiffs' civil rights claim. In the complaint, plaintiffs refer to the "Civil Rights Act of 1964" and allege that "[the Department of Education and] DOJ

executive department are responsible for enforcing federal civil rights laws . . . ." Compl. at 1. To the extent that plaintiffs seek to bring a civil rights claim in this matter, the Court may not consider such a claim under the Tucker Act. It is well-established that this Court does not possess jurisdiction over civil rights claims. *See e.g., Jones v. United States*, 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on, among other causes of action, alleged "violations of . . . civil rights"). And so, the Court must also dismiss plaintiffs' civil rights claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2.    Plaintiffs Fail To Establish A Contract With The United States

To the extent that plaintiffs allege a breach of contract claim in the complaint, the Court must also dismiss this claim because plaintiffs fail to establish the existence of an express or implied-in-fact contract with the United States. *D & N Bank v. United States*, 331 F.3d 1374, 1382 (Fed. Cir. 2003) (holding that plaintiffs bear the burden of proving the existence of a contract with the United States.). As discussed above, plaintiffs allege that the United States Department of Justice improperly failed to appear at a civil proceeding before the Superior Court of the District of Columbia. Compl. at 2. But, plaintiffs' complaint is devoid of any facts to show that they have entered into a contract with the government regarding such an obligation. *See generally* Compl. And so, the Court must dismiss plaintiffs' breach of contract claim for lack of subject- matter jurisdiction. RCFC 12(b)(1); *see Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009).

### B.    The Court Denies Plaintiffs' Motions

In addition, the Court must DENY plaintiffs' pending motions for default judgment and for summary judgment. In their response and opposition to the government's motion to dismiss, plaintiffs appear to move for a default judgment against the government and for summary judgment in their favor. Pl. Resp. at 1-2. Plaintiffs have also filed a separate motion for default judgment. *See generally* Pl. Mot. for Default. Because the Court has determined that it does not possess subject-matter jurisdiction to consider any of plaintiffs' claims, the Court denies these motions as moot. *See Wojtczak v. United States*, No. 12-499C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

### C.      Plaintiffs May Proceed *In Forma Pauperis*

As a final matter, the Court GRANTS plaintiffs' motion to proceed in this matter without paying the Court's filing fee.  Plaintiffs have moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.  This Court may authorize the commencement of a lawsuit without prepayment of fees when plaintiffs submit an affidavit including a statement of all assets, a declaration that plaintiffs are unable to pay the fees, and a statement of the nature of the action and a belief that plaintiffs are entitled to redress.  *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d).  In this case, plaintiffs submitted an application for leave to proceed in this matter *in forma pauperis* indicating that Mr. Banks is currently unemployed.  *See* Pl. Mot. to Proceed *In Forma Pauperis*.  And so, the Court concludes that plaintiffs have satisfied the statutory requirements to proceed in this matter *in forma pauperis* for the purpose of resolving the government's motion to dismiss.

## V.    CONCLUSION

In sum, the most generous reading of the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiffs' claims.  Plaintiffs have, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1.  **GRANTS** the government's motion to dismiss;

2.  **GRANTS** plaintiffs' motion to proceed *in forma pauperis*;

3.  **DENIES-AS-MOOT** plaintiffs' motions for default judgment and for summary judgment; and

4.  **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge